UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : SUPERSEDING INDICTMENT

      - v. - :
                                  S1 19 Cr. 741 (WHP)
BRYAN COHEN,
                              :
          Defendant.
                              :
- - - - - - - - - - - - - - - X

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

The Grand Jury charges:

**Relevant Individuals and Entities**

1. At all times relevant to this Indictment, Investment Bank A was a global investment banking advisory firm with offices in, among other locations, London, England, and Manhattan, New York.

2. At all times relevant to this Indictment, BRYAN COHEN, the defendant, was employed in the investment banking division of Investment Bank A, first as an associate in London, England, and later as a vice president in Manhattan, New York.

3. At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") was a securities trader residing in Switzerland.

4. At all times relevant to this Indictment, Buffalo Wild Wings, Inc. ("Buffalo") was a bar and restaurant chain

headquartered in Minneapolis, Minnesota. Buffalo's securities traded under the symbol "BWLD" on the NASDAQ. During the relevant time period, Buffalo was a client of Investment Bank A.

### The Insider Trading Scheme

5. By virtue of his employment at Investment Bank A, BRYAN COHEN, the defendant, had access to material, non-public information ("MNPI") relating to corporate transactions. COHEN understood that such MNPI relating to corporate transactions was strictly confidential and that, pursuant to Investment Bank A's policies and procedures, he was prohibited from trading on such MNPI or sharing such MNPI for the purpose of enabling others to trade based on it.

6. Notwithstanding his duties to keep this MNPI confidential, from at least in or about 2015 through at least in or about 2017, BRYAN COHEN, the defendant, passed MNPI he had obtained from Investment Bank A to CC-1, with the understanding that CC-1 would trade based on that MNPI. During the course of the scheme, COHEN provided both the facts of potential corporate acquisitions as well updates about how the deals were progressing over time to CC-1.

7. After receiving MNPI from BRYAN COHEN, the defendant, CC-1 traded upon that information, thereby earning substantial profits. CC-1 executed such trades through, among other avenues, an investment fund (the "Fund") run by CC-1 and a

2

business associate of CC-1's (the "Associate").

8.   In exchange for providing the MNPI from Investment Bank A, CC-1 provided BRYAN COHEN, the defendant, with benefits, including cash.

9.   BRYAN COHEN, the defendant, also took steps to conceal his unlawful scheme. For example, COHEN and CC-1 communicated through unregistered "burner" cellphones and arranged for cash to be paid to COHEN in-person and through intermediaries. After he began working in New York, COHEN picked up burner phones at a business run by the Associate in Manhattan, New York (the "Business").

## Statutory Allegations

10.  From at least in or about 2015 through in or about 2017, in the Southern District of New York and elsewhere, BRYAN COHEN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

11.  It was a part and an object of the conspiracy that BRYAN COHEN, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the

3

mails, and of facilities of national securities exchanges, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

Overt Acts

12. In furtherance of the conspiracy, and to effect the illegal objects thereof, BRYAN COHEN, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

    a. On or about September 12, 2017, COHEN communicated by phone with an individual working at the Business in Manhattan, New York from which COHEN picked up burner phones.

    b. In or about October 2017, COHEN, while employed at Investment Bank A in Manhattan, New York, accessed documents and information related to a potential acquisition of Buffalo.

   c. In or about November 2017, the Fund purchased at least approximately 20,000 Buffalo contracts-for-difference using an online brokerage account.

   (Title 18, United States Code, Section 371.)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud and Securities Fraud)

  The Grand Jury further charges:

  13. The allegations contained in paragraphs 1 through 9 and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

  14. From at least in or about 2015 through in or about 2017, in the Southern District of New York and elsewhere, BRYAN COHEN, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit (a) wire fraud, in violation of Title 18, United States Code, Section 1343; and (b) securities fraud, in violation of Title 18, United States Code, Section 1348.

  15. It was a part and an object of the conspiracy that BRYAN COHEN, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause

to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

16.  It was further a part and an object of the conspiracy that BRYAN COHEN, the defendant, and others known and known, willfully and knowingly would and did execute a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Securities Fraud)

The Grand Jury further charges:

17.  The allegations contained in paragraphs 1 through 9 and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

18.  In or about October and November 2017, in the Southern District of New York and elsewhere, BRYAN COHEN, the defendant, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, used and employed in connection with the purchase and sale of securities manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, in breach of fiduciary and other duties, COHEN supplied CC-1 with MNPI from Investment Bank A related to Buffalo, knowing that CC-1 would use that information to execute timely, profitable securities

transactions, which CC-1 did.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

19. The allegations contained in paragraphs 1 through 9 and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

20. From at least in or about 2015 through in or about 2017, in the Southern District of New York and elsewhere, BRYAN COHEN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, through the use of interstate wires, including interstate and international telephone calls, COHEN participated in a scheme to defraud Investment Bank A and Buffalo of valuable confidential information by deceptively converting that information to his own use and the use of another in breach of fiduciary and other

8

duties owed to those companies for the purpose of committing insider trading.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE
### (Securities Fraud)

The Grand Jury further charges:

21. The allegations contained in paragraphs 1 through 9 and 12 of this Indictment are hereby repeated, realleged, and incorporated by reference, as if fully set forth herein.

22. In or about October and November 2017, in the Southern District of New York and elsewhere, BRYAN COHEN, the defendant, willfully and knowingly executed a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, in breach of fiduciary and other duties, COHEN supplied CC-1 with MNPI from Investment Bank A related to

Buffalo, knowing that CC-1 would use that information to execute timely, profitable securities transactions, which CC-1 did.

(Title 18, United States Code, Sections 1348 and 2.)

## FORFEITURE ALLEGATION

23. As a result of committing one or more of the offenses alleged in Counts One through Five of this Indictment, BRYAN COHEN, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Five of this Indictment, that the defendant personally obtained.

### Substitute Assets Provision

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981;
    Title 21, United States Code, Section 853;
  and Title 28, United States Code, Section 2461.)

_[signature]_
FOREPERSON

_[signature]_
Audrey Strauss
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. § 515

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

BRYAN COHEN,

Defendant.

**SUPERSEDING INDICTMENT**

S1 19 Cr. 741 (WHP)

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5 and Title 18, United States Code, Sections 2, 371, 1343, 1348 and 1349.)

_____
Foreperson

AUDREY STRAUSS
Attorney for the
United States
Acting Under
 Authority
Conferred by
28 U.S.C. § 515

12/11/2019
N.E.

Superseding Indictment Filed

Sarah Cave
U.S.M.J.