# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: ATTORNEYS@BRAFLAW.COM

BENJAMIN BRAFMAN

MARK M. BAKER
OF COUNSEL

MARC A. AGNIFILO
OF COUNSEL

ANDREA L. ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY & CA
STUART GOLD

May 6, 2020

**VIA ECF**
The Honorable William H. Pauley III
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: United States v. Bryan Cohen, 19 Cr. 741 (WHP)

Dear Judge Pauley:

  We respectfully submit this letter on behalf of defendant Bryan Cohen to consent to proceed with his upcoming sentencing via video teleconference before this Court as currently scheduled on May 28, 2020 at 10:30 a.m. Specifically, we write pursuant to Rule 1B of the Court's Emergency Individual Rules and Practices in Light of COVID-19[1], and the Southern District of New York Standing Order of March 30, 2020 from Chief Judge McMahon[2] ("Standing Order") which sets forth procedures for video teleconferencing and telephone conferencing for criminal proceedings, including sentencings such as this one.

  Under the authority granted by the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), and based on findings of the Judicial Conference of the United States that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have affected and will materially affect the functioning of the federal courts generally, the Standing Order provides that:

> [F]elony sentencings under Rule 32 of the Federal Rules of Criminal Procedure
> ... cannot be conducted in person without seriously jeopardizing public health
> and safety, and thus video teleconferencing, or telephone conferencing if video

---

[1] Revised on March, 19, 2020.
[2] Standing Order M10-468.

BRAFMAN & ASSOCIATES, P.C.

conferencing is not reasonably available, may be used in such proceedings with the consent of the defendant ... after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice.

Of course, Mr. Cohen, counsel, and presumably the Court would prefer to proceed with such a crucial proceeding as sentencing in person. In light of the conditions caused by the global health crisis, however, Mr. Cohen, after consultation with counsel, formally consents to appear and proceed with sentencing via video conferencing or telephone conferencing if video conferencing is not reasonably available.[3]

The uncertainty and stress that Mr. Cohen and his family have been living with has been agonizing. Mr. Cohen has been on home detention for more than six months, largely separated from family and friends. As a French citizen, he is unable to obtain gainful employment in the United States in his current situation.

In this case, Mr. Cohen promptly accepted responsibility and pled guilty in this matter so that he could begin repaying his debt to society and rebuild his life. As the Court knows, Mr. Cohen's original sentencing date was set for April 3, and has already been adjourned to May 28 due to the COVID-19 outbreak. Further delaying his sentencing, possibly indefinitely depending on the pandemic's progression, only exacerbates the anxiety and torment that Mr. Cohen is experiencing in addition to frustrating the process afforded all criminal defendants. Thus, the well-established legal maxim proclaiming "justice delayed is justice denied" has never been more acutely applicable.[4] Taking these factors into consideration, we respectfully submit that adjourning Mr. Cohen's sentencing beyond the currently scheduled date would be an unnecessary additional punishment for Mr. Cohen and his family and would cause serious harm to the interest of justice.[5]

---

[3] While the Standing Order does not mandate that the defendant's consent be in writing, should the Court require it prior to sentencing, Mr. Cohen would submit in writing his consent to conduct a remote sentencing via video conferencing or telephone conferencing, if video conferencing is not reasonably available.

[4] As the Chief Judge of the Northern District of Texas, Barbara M. Lynn, recently stated when deciding to proceed with a sentencing via video, "The Court will not allow this defendant to await sentencing indefinitely and to undergo the added stress that further delay would cause. She deserves a date-certain for sentencing and to complete this portion of the criminal process. . . . Finally, an indefinite delay of the sentencing hearing could undermine the public's confidence in the judicial system, including the community . . . and the defendant's family" *United States v. Kelly,* 09-cr-51 [Dkt. 63] (N.D. Texas, April 2, 2020).

[5] Courts in this district and others have similarly decided to proceed with sentencings via video. *See, e.g., United States v. Reichert,* 11-cr-1056 (DLC) [Dkt. 71] (S.D.N.Y. April 3, 2020); *United States v. Henriquez*, 19-cr-10080 (NMG) (D. Mass. March 27, 2020); *United States v. Puckett,* 19-cr-150 (JBA) (D. Conn. April 13, 2020); *United States v. Burroughs*, 19-cr-292 (VAB) (D. Conn. April 16, 2020); *United States v. Kyriacou,* 18-cr-102 (KAM) (E.D.N.Y. May 4, 2020).

BRAFMAN & ASSOCIATES, P.C.

      Finally, we note that we have discussed this application with the Government and they oppose it and have asked for an opportunity to respond in writing prior to the Court's decision.

      Subject to the Court's decision, counsel for the defendant will comply with the filing date for our sentencing submission consistent with the Court's Individual Rules. Thank you for your consideration. On a personal note, counsel prays that Your Honor, your staff and your families stay safe and healthy during this very difficult health crisis that has impacted all of us.

      Respectfully submitted,

      Benjamin Brafman

cc:    All Counsel (via ECF)