

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 8, 2020

**BY ECF**

Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States* v. *Bryan Cohen*
           S1 19 Cr. 741 (WHP)

Dear Judge Pauley:

      The Government respectfully submits this letter in opposition to the defendant's May 6 letter seeking to proceed with his sentencing on May 28, 2020 via videoconference. (Dkt. No. 39, the "Def. Letter"). The Government submits that proceeding with a remote sentencing at this time is not permitted by the March 27, 2020 Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), and is not in the best interests of the parties, the Court, or the public.

      As a threshold matter, the defendant has failed to meet the statutory requirements for a remote sentencing under the CARES Act. The relevant provision of the CARES Act provides:

> [I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) will materially affect the functioning of either the Federal courts generally or a particular district court of the United States, the chief judge of a district court covered by the finding . . . specifically finds, upon application of the Attorney General or the designee of the Attorney General, or on motion of the judge or justice, that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available. 18 U.S.C. § Pt. II, Ch. 201, Refs & Annos (b)(2)(A).

In other words, sentencing can only proceed remotely if there are "specific reasons" that the sentencing cannot be delayed without "serious harm to the interests of justice." Here, there are no legitimate reasons to proceed with a remote sentencing, let alone ones that raise the specter of serious harm to the interests of justice. The only justification set forth in the defendant's letter is the "uncertainty and stress" of awaiting sentencing and the "anxiety and torment" that the defendant feels due to the continued circumstance of his home confinement. (Def. Letter at 2). Undoubtedly, these are common feelings among convicted felons awaiting sentencing, and if they met the statutory threshold for proceeding with a remote sentencing, then every case would meet the standard.[1] The absence of any specific circumstances affecting the interests of justice is alone enough to deny the request.

Moreover, proceeding with a remote sentencing is not likely to alleviate the defendant's stated concerns. The defendant principally complains that the delay in his sentencing has kept him "largely separated from family and friends" and that he has been "unable to obtain gainful employment." (Def. Letter at 2). Even assuming the defendant's sentencing proceeded remotely, the Government believes that the defendant would likely ask for a delayed surrender for the service of any custodial sentence until the COVID-19 pandemic recedes. Indeed, the Government has often agreed to delayed surrenders under these unique circumstances. Thus, even if sentencing proceeded remotely, pending his surrender, the defendant would likely remain under the exact same circumstances in which he currently finds himself – under an indefinite period of home detention and a continuing lock-down order in the city of New York.

Finally, the Government does not believe that proceeding remotely will be in the interests of justice. The ends of sentencing are best served when all parties and the Court are able to interact and engage in-person. This ensures that the Court will have a full and fair opportunity to consider all the arguments and the equities advanced by both parties before rendering a sentence. The parties' and the Court's ability to engage in that critical judicial process will be meaningfully curtailed at a remote sentencing, and the interests of justice would be best served by waiting until an in-person sentencing can be held.

---

[1] Other cases cited by the defendant where sentencings have proceeded remotely are inapposite. (Def. Letter at 2 n.5). For example, *United States v. Reichert*, 11-cr-1056 (DLC) (S.D.N.Y. April 3, 2020); and *United States v. Puckett*, 19-cr-150 (JBA) (D. Conn. April 13, 2020), involved cooperator sentencings where all sides were seeking below-guideline sentences. *United States v. Burroughs*, 19-cr-292 (VAB) (D. Conn. April 16, 2020), involved a defendant who apparently "lack[ed] a place to live" if his sentencing was further delayed. *Id.* Dkt. No. 20 at 4. The defendant, by contrast, has a net worth of approximately $500,000 and continues to reside in an apartment in New York City just as he did prior to his arrest. PSR at 14.

For the foregoing reasons, the defendant's application for a remote sentencing should be denied.

Respectfully submitted,

AUDREY STRAUSS
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

by: _____/s/_____
Richard Cooper/Daniel Tracer/Drew Skinner
Assistant United States Attorneys
(212) 637-1027 / 2329 / 1587

cc: Counsel of Record (by ECF)