UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| -against- | : | |
| | : | 19cr741 |
| BRYAN COHEN, | : | |
| | : | MEMORANDUM & ORDER |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM H. PAULEY III, Senior United States District Judge:

   Defendant Bryan Cohen requests that this Court proceed with his sentencing via video teleconference. (ECF No 39.) Cohen avers that waiting for the COVID-19 pandemic to abate so that this Court could sentence him in person would cause serious harm to the interests of justice. The Government opposes Cohen's application. (ECF No. 40.) For the reasons that follow, Cohen's motion is granted.

## BACKGROUND

   On January 7, 2020, Cohen pled guilty to a single count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. Cohen is currently released on bail subject to strict conditions including home confinement and electronic monitoring. (See ECF No. 32.) Cohen's sentencing was originally scheduled for April 3, 2020 and then adjourned to May 28, 2020. (ECF No. 35.) Due to the impacts of COVID-19, it is uncertain when Cohen's sentencing could proceed in person at the Daniel Patrick Moynihan United States Courthouse, which is located at the epicenter of the pandemic.

DISCUSSION

I.    <u>Legal Standard</u>

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Pub. L. No. 116-136, 134 Stat. 281. The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4). On March 29, 2020, the Judicial Conference of the United States found that emergency conditions due to COVID-19 have materially affected and will affect the functioning of the federal courts. On March 30, 2020, the Chief Judge of this District found that felony sentencings could not be conducted in person without seriously jeopardizing public health and safety. (<u>See</u> In re Coronavirus/COVID-19 Pandemic, Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20-mc-00176 (S.D.N.Y. Mar. 30, 2020).)

The Federal Rules of Criminal Procedure direct courts to "impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). "The history of Rule 32 demonstrates that the Rules set forth no rigid timeline for sentencing. Rather, the decision of when to impose sentence is in the sound discretion of the trial court." <u>United States v. Flowers</u>, 983 F. Supp. 159, 170 (E.D.N.Y. 1997). Moreover, the Second Circuit has recognized that a "[d]elay in sentencing may leave the defendant, as well as the victim, in limbo concerning the consequences of conviction. It postpones the commitment of the defendant to corrections facilities, may have a

detrimental effect on rehabilitation, and suspends the appellate review of error." United States v. Ray, 578 F.3d 184, 198 (2d Cir. 2009) (alteration in original) (quoting 3 Charles Alan Wright et al., Federal Practice & Procedure: Criminal § 521.1 (3d ed. 2004)).

II.     Cohen's Application

After consulting with counsel, Cohen consents to proceeding via video teleconference. (ECF No. 39, at 2.) However, Cohen and the Government spar over whether a further delay in his sentencing would cause "serious harm to the interests of justice." The Government argues that this "Court's ability to engage in that critical judicial process will be meaningfully curtailed at a remote sentencing" and that Cohen has failed to demonstrate that there will be serious harms to the interests of justice. (ECF No. 40, at 2.) This Court disagrees.

First, having conducted other hearings via videoconference—including a sentencing—this Court can sentence Cohen via videoconference. See United States v. Maccow, 16-cr-108 (S.D.N.Y May 8, 2020). Indeed, other courts have also held sentencings via videoconference since the outbreak of COVID-19. See, e.g., United States v. Reichert, 11-cr-1056, ECF No. 71 (S.D.N.Y. Apr. 3, 2020); United States v. Ortega, 2020 WL 2093728, at *3 (E.D. Cal. May 1, 2020).

Second, there would be serious harms to the interests of justice by delaying sentencing until the COVID-19 pandemic abates. In recently addressing a request to conduct sentencing via videoconference, the Chief Judge for the Northern District of Texas aptly summarized the issues in delaying sentencing:

> Although the Court would prefer not to conduct sentencing hearings via video teleconference, it finds that delaying the hearing past April 30—and possibly even further depending on the pandemic's progression—would cause serious harm to the interests of justice. The Court will not allow this defendant to await sentencing indefinitely and to undergo the added stress that further delay would

> cause. She deserves a date-certain for sentencing and to complete this portion of the criminal process. Moreover, given the defendant's conviction and criminal history, the United States has an interest in completing the district-court process and turning its attention to new and pending criminal matters. Finally, an indefinite delay of the sentencing hearing could undermine the public's confidence in the judicial system, including the community, any victims, and the defendant's family.

United States v. Kelly, 3:09-cr-00051, ECF No. 63 (N.D. Texas, April 2, 2020).

In the case at hand, Cohen has been on home confinement for seven months. He does not know what his sentence will be or even when this Court can conduct an in-person sentencing. Contrary to the Government's assertion, this uncertainty can impair the interests of justice. Cohen has scrupulously adhered to the strict bail conditions this Court imposed. Assuming arguendo that this Court sentences Cohen to a term of imprisonment, he is likely not earning credit while on home confinement. See Reno v. Koray, 515 U.S. 50, 65 (1995) (holding that a defendant is "not entitled to a credit against his sentence of imprisonment" because the "time [he] spent at [a] community treatment center while 'released' on bail pursuant to the Bail Reform Act of 1984 was not 'official detention' within the meaning of 18 U.S.C. § 3585(b)"). Additionally, as a French national, Cohen's immigration status and employment are in limbo until he completes his sentence.[1] Finally, moving forward with Cohen's scheduled sentencing promotes judicial economy by preempting the parties' inevitable motions to this Court requesting further scheduling changes. Delaying every sentencing would multiply the existing backlog of cases in the federal court system and generate a deluge of hearings once in-person proceedings can safely resume.

---

[1] This Court also rejects the Government's argument that sentencing Cohen will not alleviate his concerns because any surrender date would remain uncertain. The Government ignores the fact that sentencing Cohen removes an unknown variable.

By authorizing judges to conduct sentencings via videoconference, the CARES Act recognizes the importance of judicial proceedings moving forward in a time of great uncertainty. While sentencing via videoconference may not be appropriate for all defendants, this Court finds that sentencing in this case cannot be further delayed without serious harm to the interests of justice.

## CONCLUSION

For the foregoing reasons, Cohen's motion is granted. The Clerk of Court is directed to terminate the motion pending at ECF No. 39.

Dated: May 19, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.